IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. GUZMAN,

    Plaintiff,

v.                                        No. 14-cv-55 KG/SCY

NORTHEAST NEW MEXICO
CORRECTIONAL FACILITY, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants New Mexico Corrections Department, Gregg Marcantel, and Colleen McCarney's Motion for Protective Order and Stay of Proceedings. *Doc. 53*. Defendants The Geo Group, Inc. and Timothy Hatch join in the motion to the extent it seeks to stay all discovery in this case pending the adjudication of any outstanding dispositive motions. *Doc. 56*. Having reviewed the Motion and relevant law, the Court finds it well-taken and will **GRANT** it.

**I.**    **BACKGROUND**

Plaintiff Michael Guzman is a prisoner currently incarcerated at the Northeast New Mexico Correctional Facility (NNMCF). *Doc. 1*, Ex. A ¶¶ 3. On November 6, 2011, Plaintiff alleges that he was severely beaten while incarcerated at NNMCF. He further alleges that this beating was a result of his transfer from the Penitentiary of New Mexico South (PNM) to NNMCF, where he had "known enemies" from whom Defendants failed to protect him. *Id.* ¶¶ 14-18.

On October 31, 2013, Plaintiff filed the instant action, asserting claims for violation of his civil rights under 42 U.S.C. § 1983, as well as common law torts, negligence, and personal injury. *See generally id.* On January 17, 2014, Defendants removed the action to this Court. *Doc. 1.* On April 28, 2014 Defendants Dean Arellano, Coby Beckner, Jack Chosvig, Leroy Montoya, Tony Naranjo, Northeast New Mexico Correctional Facility, Holly Steen, and the Town of Clayton filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doc. 24.* Defendants New Mexico Corrections Department, Gregg Marcantel, and Colleen McCarney filed a motion for summary judgment on the basis of Eleventh Amendment and qualified immunity on May 28, 2014. *Doc. 30.* Defendants Timothy Hatch and The Geo Group, Inc. filed their own motion for summary judgment on June 3, 2014. *Doc. 32.*

On July 7, 2014, Plaintiff responded to Defendants New Mexico Corrections Department, Gregg Marcantel, and Colleen McCarney's summary judgment motion, conceding Defendants' Eleventh Amendment claim but contesting their qualified immunity claim. *Doc. 41.* Defendants New Mexico Corrections Department, Gregg Marcantel, and Colleen McCarney (joined by Defendants Timothy Hatch and the Geo Group) now move the Court to stay discovery and for a protective order from already propounded discovery pending a decision on their outstanding summary judgment motion. *Doc. 53.*

## II.   STANDARD OF REVIEW

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).   The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, the qualified immunity defense may be asserted at various stages in the litigation process.  *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S.

299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III. ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay is appropriate. Defendants Gregg Marcantel, and Colleen McCarney have raised a qualified immunity defense. *See doc. 30.* The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. Defendants Marcantel and McCarney are public officials and are therefore entitled to raise a qualified immunity defense.

Further, a stay of all discovery as against all Defendants is appropriate. As the Supreme Court has explained, the purpose of the qualified immunity doctrine is to protect public officials and the governments for which they work from the burdens of unnecessary litigation, and such protection can only be provided by a complete stay of discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982); *see also Herrera v. Santa Fe Public Schools*, 2012 WL 6846393 at *10 (D.N.M. December 20, 2012)(explaining that partial stays of discovery in cases where qualified immunity is asserted would undermine the protective purpose of the doctrine).

IV.  CONCLUSION

Wherefore, IT IS HEREBY ORDERED that Defendants New Mexico Department of Corrections, Gregg Marcantel, and Colleen McCarney;s Motion for Protective Order and Stay Proceedings (*doc. 53*), is GRANTED.  Defendants The Geo Group, Inc. and Timothy Hatch's Motion for Joinder (*doc. 56*) is GRANTED.  All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' qualified immunity motion.  *See doc. 30.*

**IT IS SO ORDERED.**

*/s/ Steve Yarbrough*